IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00462-WYD-NYW

JUSTIN SMITH, et al.

    Plaintiffs,

v.

JOHN W. HICKENLOOPER, in his official capacity as Governor of the State of Colorado,

    Defendant.

## Defendant's Motion to Stay Discovery

    Defendant John W. Hickenlooper, Jr., in his official capacity as Governor of the State of Colorado, respectfully requests that the Court stay discovery in this case pending a decision by the Court on Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. Rules 12(b)(1) and (6). As part of the stay, Defendant Hickenlooper requests the Court to vacate the scheduling conference in this case and continue it until after the Court rules on the outstanding motion to dismiss. In support of this motion, Governor Hickenlooper states as follows:

    1.    Pursuant to Fed. R. Civ. P. Rule 7.1, the parties conferred and Plaintiffs' oppose the relief sought herein. Plaintiffs intend to file a motion to vacate and reset the current scheduling conference, and a motion to extend the deadline for Plaintiffs to respond to Defendant Hickenlooper's motion to dismiss.

    2.    The scheduling conference in this case is currently set for May 27, 2015.

    3.    Governor Hickenlooper filed motions to dismiss that, if granted, would obviate the need for discovery or further proceedings before this Court. *See* Defendant's Motion to Dismiss Plaintiffs' Complaint Under Rules 12(b)(1) and 12(b)(6) [ECF #23].

4.      Because this case presents a number of threshold legal questions the resolution of which could make discovery unnecessary, the most efficient course for the parties and the Court is to continue the scheduling conference and to stay discovery and related deadlines until the Court rules on the outstanding dispositive motion.  After the Court rules, the parties will be in a far better position to develop a proposal as to how discovery should proceed.

5.      When determining whether to stay proceedings, courts often consider the following five factors: (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.  *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *accord FDIC v. Banc of America Funding Corp.*, 2014 WL 1466721, at *3 (D. Colo. April 15, 2014). Governor Hickenlooper's request to stay discovery in this case (and, relatedly, continue the date of the scheduling conference) satisfies the *String Cheese* considerations:

6.      ***First***, Plaintiffs have no special need that makes a stay impractical, and no harm or prejudice will accrue to Plaintiffs if the case is stayed while the motion to dismiss is adjudicated.  Plaintiffs named Governor Hickenlooper in his official capacity in this action not because of any culpable conduct on his part, and not for damages for any such improper conduct, but instead merely as a figurehead to insure that, if successful, the lawsuit would enjoin enforcement of one or more sections of Amendment 64 statewide.

7.      Further, staying discovery will not prejudice Plaintiffs in the current or future prosecution of this lawsuit, as nearly all relevant and discoverable information pertinent to Plaintiffs' claims resides with the Plaintiffs themselves.  Governor Hickenlooper likely has little or no discoverable information other than that which resides in the public domain and is

2

currently and freely available to Plaintiffs now. Conversely, Plaintiffs likely have information which is both relevant and discoverable. For example, the sheriffs and county attorneys presumably continue to carry out their counties' policies on contacting, arresting and prosecuting those suspected of marijuana-related crimes that take place in their respective counties. And they presumably continue to track relevant data such as how much of their resources they dedicate to marijuana enforcement; whether they collect fees and fines as part of that enforcement which might offset those costs; and how they make budget and personnel decisions related to law enforcement, prosecution, and other areas allegedly affected by Amendment 64.

8. *Second*, Governor Hickenlooper will be prejudiced if the Court does not grant a stay. His motion to dismiss demonstrates that this Court lacks subject matter jurisdiction over one or more of Plaintiffs' claims, as Plaintiffs do not have standing to maintain those claims. Additionally, under binding Supreme Court and Tenth Circuit precedent, Plaintiffs have no cause of action to enforce the Controlled Substances Act or the various International Treaties they rely on in their complaint, and they fail to state a claim that those federal laws preempt Colorado law. In light of the potentially dispositive Motion to Dismiss, if a stay is not granted Governor Hickenlooper will be prejudiced by having to participate in discovery and related conferences, to attend court hearings and conferences, and to incur associated costs and legal fees.

9. *Third,* a continuance serves the purpose of conserving judicial resources and the parties' time and resources in the event this Court grants Defendant's motion to dismiss. *See Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotations omitted)); *Carty-Mauk v. Elliott*, 2013 WL 1876773 at *3 (D. Colo. May 3, 2013) (citing *Chavous* and holding, "With regard to the third factor, it is

3

certainly more convenient for the Court to stay discovery until it is clear that the case will proceed."); *see generally* 8 Charles Alan Wright*, et al.*, *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided.").

10. ***Fourth***, no third-party interests are affected by this requested relief, except to the extent that third party discovery may be necessary. In that case, delaying discovery until it is clear that the case will proceed is in those third parties' interests as well.

11. ***Finally***, the public interest is served by providing just and efficient proceedings on only those claims or matters which survive preliminary motions. *See Chavous*, 201 F.R.D. at 5 (stating that staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motions are] granted, there will be no need for [further proceedings]").

12. The public interest is also served because this action is of statewide significance and is only one of three pending cases that challenge the validity of Amendment 64. Another similar case is pending in this Court. *Safe Streets Alliance, et al., v. Alternative Holistic Healing, LLC, et al.*, No. 15-cv-349-REB-CBS (D. Colo.). All parties to that case recently requested a stay of discovery until the defendants' potentially dispositive motions to dismiss are adjudicated, as Governor Hickenlooper requests here. *Id*, ECF #pending. Separately, the States of Nebraska and Oklahoma have sued the State of Colorado in an original action in the United States Supreme Court, which last week invited the U.S. Solicitor General to file a brief "expressing the views of the United States." *Nebraska and Oklahoma v. Colorado*, No. 144, Orig., 2015 U.S. LEXIS 3036 (U.S. May 4, 2015) (order calling for the views of the Solicitor General). In light of these other pending cases, deciding threshold legal questions before proceeding with discovery

will diminish the likelihood of inconsistent judgments on questions of statewide significance and avoid the confusion of separate actions proceeding on substantially different schedules.

Accordingly, Defendant Governor Hickenlooper respectfully requests that the Court stay discovery and vacate the scheduling conference until such time as the Court resolves the outstanding motion to dismiss.

Respectfully submitted this 14th day of May, 2015.

>CYNTHIA H. COFFMAN
>Attorney General
>
>s/ *William V. Allen*
>FREDERICK R. YARGER*
>Solicitor General
>WILLIAM V. ALLEN*
>Senior Assistant Attorney General
>MATTHEW D. GROVE*
>Assistant Solicitor General
>*Attorneys for Defendant*
>
>Ralph L. Carr Colorado Judicial Center
>1300 Broadway, 6th Floor
>Denver, Colorado  80203
>Telephone:  720-508-6000
>FAX:  720-508-6041
>E-Mail: fred.yarger@state.co.us
>            will.allen@state.co.us
>            matt.grove@state.co.us
>*Counsel of Record

## CERTIFICATE OF SERVICE

      I hereby certify that on May 14, 2015, I served a true and complete copy of the foregoing **Defendant's Motion to Stay Discovery** upon all counsel of record through the Court's electronic filing CM/ECF system.

Paul V. Kelly
John J. Commisso
Jackson Lewis PC
75 Park Plaza
Boston, MA 02116

Mark A. de Bernardo
Jackson Lewis PC
10701 Parkridge Blvd., Ste. 300
Reston, VA 20191

Peter F. Munger
Ashley Paige Fetyko
Jackson Lewis PC
950 17th Street, Ste. 2600
Denver, CO 80202

                                                */s/  William V. Allen*